**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, as securities intermediary for LIMA ACQUISITION LP,** §§§§ | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-cv-01398 (WWE) |
| v. § | |
| **PHL VARIABLE INSURANCE COMPANY and PHOENIX LIFE INSURANCE COMPANY,** §§§§ | |
| Defendants. § | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**AMENDED COMPLAINT**

Defendants PHL Variable Insurance Company ("PHL") and Phoenix Life Insurance Company ("Phoenix Life") (collectively, "Defendants" or "Phoenix"), hereby answer the October 16, 2014 Amended Complaint (the "Amended Complaint") of Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"), by specifically denying each and every allegation (including titles or headings) in the Amended Complaint not specifically admitted herein, by asserting the affirmative defenses set forth below, and by responding to the individually numbered paragraphs in the Amended Complaint as follows:

**NATURE OF THE ACTION**

1.        Paragraph 1 of the Amended Complaint is a purported characterization of the nature of Plaintiff's claims and the relief sought in this action to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 1 of the Amended Complaint.

2.      Paragraph 2 of the Amended Complaint purports to characterize the nature of universal life ("UL") insurance.  Defendants deny the allegations in Paragraph 2 to the extent they generalize about products which are not uniform or seek to describe the life insurance policies at issue in this action, which policies speak for themselves and are the best evidence of their terms.

3.      Paragraph 3 of the Amended Complaint purports to characterize the nature of UL insurance.  Defendants deny the allegations in Paragraph 3 to the extent they generalize about products which are not uniform or seek to describe the life insurance policies at issue in this action, which policies speak for themselves and are the best evidence of their terms.

4.      Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Defendants deny all remaining allegations in Paragraph 4 of the Amended Complaint.

5.      Defendants deny all allegations in Paragraph 5 of the Amended Complaint.

6.      Defendants deny all allegations in Paragraph 6 of the Amended Complaint.

7.      Defendants deny all allegations in Paragraph 7 of the Amended Complaint.

8.      Defendants admit only that the quoted language appears in certain marketing materials, but deny that in using the quoted language their conduct was "egregious" or wrongful in any manner.  Defendants deny all other allegations in Paragraph 8 of the Amended Complaint.

9.      Defendants deny all allegations in Paragraph 9 of the Amended Complaint.

10.     The allegations in Paragraph 10 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations contained in, and any entitlement to the relief requested in, Paragraph 10 of the Amended Complaint.

## THE PARTIES

11.     The allegations in Paragraph 11 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations upon information and belief.

12.     The allegations in Paragraph 12 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations.

13.     The allegations in Paragraph 13 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Phoenix Life is a New York domiciled insurance company with its principal place of business in Hartford, Connecticut, that Phoenix Life conducts business in Connecticut, and that Phoenix Life is the indirect parent of PHL.  Defendants deny the remaining allegations in Paragraph 13 of the Amended Complaint.

## JURISDICTION AND VENUE

14.     The allegations in Paragraph 14 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

15.     The allegations in Paragraph 15 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the court has personal jurisdiction over PHL and Phoenix Life.

16.     The allegations in Paragraph 16 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants

admit only that venue is proper in the District of Connecticut.  Defendants deny the remaining

allegations in Paragraph 16 of the Amended Complaint.

## FACTUAL BACKGROUND

**A.    Plaintiff Acquires the Policies**

17.        Defendants admit the allegations in Paragraph 17 of the Amended Complaint

upon information and belief.

18.        Defendants aver that the insurance policies at issue in this action speak for

themselves and are the best evidence of their terms. To the extent a response is required,

Defendants deny all remaining allegations in Paragraph 18 of the Amended Complaint to the

extent Plaintiff's characterizations are inconsistent with the policies' terms.

19.        Defendants aver that the insurance policies at issue in this action speak for

themselves and are the best evidence of their terms. To the extent a response is required,

Defendants deny all remaining allegations in Paragraph 19 of the Amended Complaint to the

extent Plaintiff's characterizations are inconsistent with the policies' terms.

20.        Defendants aver that the insurance policies at issue in this action speak for

themselves and are the best evidence of their terms. To the extent a response is required,

Defendants deny all remaining allegations in Paragraph 20 of the Amended Complaint to the

extent Plaintiff's characterizations are inconsistent with the policies' terms.

21.        Defendants admit only that the quoted language appears in policy form

05PAUL.  Defendants aver that the insurance policies at issue in this action speak for themselves

and are the best evidence of their terms.  To the extent a response is required, Defendants deny

all remaining allegations in Paragraph 21 of the Amended Complaint.

22.      Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. To the extent a response is required, Defendants deny all remaining allegations in Paragraph 22 of the Amended Complaint.

23.      Defendants admit only that the quoted language appears in policy form U607 NY.  Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  To the extent a response is required, Defendants deny all remaining allegations in Paragraph 23 of the Amended Complaint.

24.      Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. To the extent a response is required, Defendants deny all remaining allegations in Paragraph 24 of the Amended Complaint.

25.      Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 25 of the Amended Complaint.

**B.**      **Phoenix Designs and Sells the Policies As "Flexible Premium" Policies**

26.      Defendants admit only that:  the quoted language in part (a) appears in the policy contained in Exhibit 2 of the Amended Complaint; the quoted language in part (b) appears in the policy contained in Exhibit 2 of the Amended Complaint; and the quoted language in part (c) appears in the policy contained in Exhibit 2 of the Amended Complaint.  Defendants state that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.      Defendants aver that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms. Defendants deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants admit only that the quoted language in part (a) appears in the policy contained in Exhibit 3 of the Amended Complaint, and the quoted language in part (b) appears in the policy contained in Exhibit 3 of the Amended Complaint. Defendants state that the insurance policies at issue in this action speak for themselves and are the best evidence of their terms.  Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants admit only that the quoted language in part (a) appeared in an April 3, 2006 press release; the quoted language in part (b) appeared in a press release dated April 3, 2006; the quoted language in part (c) appeared in a press release dated June 19, 2003; and the quoted language in part (d) appeared in a press release dated June 19, 2003. Defendants deny the remaining allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants admit that the policies at issue were known by the trademark "Phoenix Accumulator UL," and that Phoenix's February 25, 2003 U.S. Patent & Trademark Office registration describes Phoenix Accumulator UL as "Underwriting and administration of single life universal insurance policies featuring flexible premiums and adjustable death benefits."

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint, and therefore deny the allegations, except to admit the receipt of certain premium payments from Plaintiff with respect to the policies at issue.

**C.     Phoenix Initiates Project X to Raise COI Rates**

33.     Defendants aver that The Phoenix Companies, Inc.'s 2008 Annual Report speaks for itself.  To the extent a response is required, Defendants admit only that the quoted

6

language appears in the 2008 Annual Report.  Defendants deny all remaining allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants aver that The Phoenix Companies, Inc.'s 2008 Annual Report speaks for itself.  To the extent a response is required, Defendants deny all remaining allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants deny all allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants deny all allegations in Paragraph 36 of the Amended Complaint.

**D.     Phoenix Raises COI Rates on the PLIC Policies and Other PAUL Policies in 2010**

37.     Phoenix Life admits only that it sent the letter attached as Exhibit 4 to the Amended Complaint and notified impacted policyholders of the COI rate adjustment. Defendants aver that the letter speaks for itself. To the extent a further response is required, Defendants deny all remaining allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants aver that the letter contained in Exhibit 4 of the Amended Complaint speaks for itself.  To the extent a response is required, Defendants admit only that the quoted language appears in the letter.  Defendants deny all remaining allegations in Paragraph 38 of the Amended Complaint.

**E.     State Insurance Regulators Determine That Phoenix's 2010 COI Rate Increases Violated the Policy Terms and Insurance Laws**

39.     Defendants admit only that the policies issued by PHL and subject to this action were not subject to the 2010 rate adjustment.  Defendants deny all remaining allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants aver that the letter attached as Exhibit 5 to the Amended Complaint speaks for itself.  Defendants deny all remaining allegations in Paragraph 40 of the Amended Complaint.

41.      Defendants aver that the letter attached as Exhibit 6 to the Amended Complaint speaks for itself.  Defendants deny all remaining allegations in Paragraph 41 of the Amended Complaint.

42.      Defendants aver that the letter attached as Exhibit 7 to the Amended Complaint speaks for itself.  To the extent a response is required, Defendants admit only that the quoted language appears in Exhibit 7 to the Amended Complaint.  Defendants deny the remaining allegations in Paragraph 42 of the Amended Complaint, including footnote 1 thereto.

43.      Defendants aver that the letter referenced in Paragraph 43 speaks for itself. To the extent a response is required, Defendants admit only that the quoted language appears in Exhibit 7 to the Amended Complaint.  Defendants deny all remaining allegations in Paragraph 43 of the Amended Complaint.

44.      Phoenix Life admits only that it rescinded the 2010 rate adjustment that had been applied to New York policies.  Defendants deny all remaining allegations in Paragraph 44 of the Amended Complaint.

**F.      Phoenix Implements Another Unlawful COI Rate Increase in 2011**

45.      Defendants admit only that they implemented a COI rate adjustment in 2011. Defendants deny all remaining allegations in Paragraph 45 of the Amended Complaint.

46.      Defendants aver that the letter contained in Exhibit 8 to Plaintiff's Amended Complaint speaks for itself. Phoenix denies all remaining allegations in Paragraph 46 of the Amended Complaint.

47.      Defendants aver that the letter contained in Exhibit 9 of the Amended Complaint speaks for itself. Defendants deny all remaining allegations in Paragraph 47 of the Amended Complaint.

48.        Defendants deny all allegations in Paragraph 48 of the Amended Complaint.

49.        Defendants deny all allegations in Paragraph 49 of the Amended Complaint.

50.        Defendants deny all allegations in Paragraph 50 of the Amended Complaint.

51.        The allegations in Paragraph 51 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 51 of the Amended Complaint.

52.        The allegations in Paragraph 52 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 52 of the Amended Complaint.

53.        The allegations in Paragraph 53 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 53 of the Amended Complaint.

54.        Defendants deny all allegations in Paragraph 54 of the Amended Complaint.

55.        The allegations in Paragraph 55 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 55 of the Amended Complaint.

56.        Defendants are without information sufficient to form a belief as to the truth or falsity of the allegation that "policyholders purchased their policies based on" the "representations" made by Defendants, and therefore, deny the same.  Defendants admit only that the cost of insurance is designed, in part, to compensate Defendants for risks undertaken in connection with the life insurance policies they issue.  Defendants deny all remaining allegations in Paragraph 56 of the Amended Complaint.

57.     The allegations in Paragraph 57 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 57 of the Amended Complaint.

## COUNT I

### (Breach of Contract – Express)

58.     Defendants incorporate by reference their answers to Paragraphs 1 through 57, inclusive, as if fully set forth herein.

59.     The allegation in Paragraph 59 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Policies are binding and enforceable contracts," and therefore deny that allegation.

60.     The allegations in Paragraph 60 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 60 of the Amended Complaint.

61.     The allegations in Paragraph 61 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 61 of the Amended Complaint.

62.     The allegations in Paragraph 62 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 62 of the Amended Complaint.

63.     The allegations in Paragraph 63 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 63 of the Amended Complaint.

64.     The allegations in Paragraph 64 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 64 of the Amended Complaint.

65.     The allegations in Paragraph 65 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 65 of the Amended Complaint.

66.     The allegation in Paragraph 66 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that "Plaintiff has performed all of its obligations under the Policies, except to the extent that its obligations have been excused by Defendant's conduct," and therefore deny the allegation in Paragraph 66 of the Amended Complaint.

67.     The allegation in Paragraph 67 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation contained in, and any entitlement to the relief requested in, Paragraph 67 of the Amended Complaint.

## COUNT II

**(Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)**

68.     Defendants incorporate by reference its answers to Paragraphs 1 through 67, inclusive, as if fully set forth herein.

69.     The allegation in Paragraph 69 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Policies are binding and enforceable contracts," and therefore denies that allegation.

70.     The allegation in Paragraph 70 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation contained in Paragraph 70 of the Amended Complaint.

71.     The allegation in Paragraph 71 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 71 of the Amended Complaint.

72.     The allegations in Paragraph 72 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 72 of the Amended Complaint.

73.     The allegations in Paragraph 73 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 73 of the Amended Complaint.

74.     The allegations in Paragraph 74 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 74 of the Amended Complaint.

75.     The allegations in Paragraph 75 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 75 of the Amended Complaint.

76.      The allegations in Paragraph 76 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 76 of the Amended Complaint.

77.      The allegation in Paragraph 77 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that "Plaintiff has performed all of its obligations under the Policies, except to the extent that its obligations have been excused by Defendant's conduct," and therefore deny the allegation.

78.      The allegation in Paragraph 78 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation contained in, and any entitlement to the relief requested in, Paragraph 78 of the Amended Complaint.

## COUNT III

### (Violations of Connecticut Unfair Trade Practices Act)

79.      Defendants incorporate by reference their answers to Paragraphs 1 through 78, inclusive, as if fully set forth herein.

80.      Defendants admit the allegation in Paragraph 80 of the Amended Complaint.

81.      The allegation in Paragraph 81 of the Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation in Paragraph 81 of the Amended Complaint.

82.     The allegations contained in Paragraph 82 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 82 of the Amended Complaint..

83.     The allegations in Paragraph 83 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 83 of the Amended Complaint.

84.     In response to the allegations in Paragraph 84 of the Amended Complaint, Defendants state that the characterization of the alleged representations is so vague as to leave Defendants without information sufficient to form a belief as to the truth or falsity of the allegation. Defendants deny all remaining allegations in Paragraph 84 of the Amended Complaint.

85.     The allegations in Paragraph 85 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 85 of the Amended Complaint.

86.     The allegations in Paragraph 86 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 86 of the Amended Complaint.

87.     The allegations in Paragraph 87 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 87 of the Amended Complaint.

88.     The allegations in Paragraph 88 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 88 of the Amended Complaint.

89.     The allegations in Paragraph 89 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 89 of the Amended Complaint.

90.     The allegations in Paragraph 90 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 90 of the Amended Complaint.

91.     The allegations in Paragraph 91 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 91 of the Amended Complaint.

92.     The allegation in Paragraph 92 of the Amended Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation contained in, and any entitlement to the relief requested in, Paragraph 92 of the Amended Complaint.

93.     The allegations in Paragraph 93 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 93 of the Amended Complaint.

94.     The allegations in Paragraph 94 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 94 of the Amended Complaint.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Amended Complaint, and on that basis deny the allegations.

## COUNT IV

### (Declaratory Relief)

96.      Defendants incorporate by reference its answers to Paragraphs 1 through 95, inclusive, as if fully set forth herein.

97.      The allegations in Paragraph 97 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98.      The allegations in Paragraph 98 of the Amended Complaint are requests for declaratory relief to which no response is required. To the extent a response is required, Defendants deny all allegations contained in, and any entitlement to the relief requested in, Paragraph 98 of the Amended Complaint.

99.      The allegations in Paragraph 99 of the Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 99 of the Amended Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, PHL and Phoenix Life deny that Plaintiff is entitled to any relief claimed in the "WHEREFORE" clause or any of its seventeen numbered subparts listed on pages 27-28 of the Amended Complaint, or to any relief whatsoever, from Defendants.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial on all of its claims.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses and avoidances to the Amended Complaint, Defendants allege as follows; provided however, that by alleging the matters set forth in these defenses, Defendants do not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

### First Affirmative Defense:
### (Failure to State a Cause of Action or Claim Upon Which Relief can be Granted)

The Amended Complaint fails to state facts or allegations sufficient to constitute a cause of action or claim against Defendants upon which relief can be granted.

### Second Affirmative Defense:
### (Estoppel)

The Amended Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the cause of action and any relief sought thereby.

### Third Affirmative Defense:
### (Waiver)

The Amended Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Amended Complaint.

### Fourth Affirmative Defense:
### (Consent)

By its own conduct, acts and omissions, Plaintiff consented and acquiesced to Phoenix's conduct.

### Fifth Affirmative Defense:
### (Failure to Mitigate)

Although Defendants deny that Plaintiff has suffered any damage, loss, or harm as alleged in the Amended Complaint, to the extent that Plaintiff has suffered damage, loss, or harm, it has failed to mitigate that damage, loss, or harm.

### Sixth Affirmative Defense:
### (Ratification)

The Amended Complaint is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

### Seventh Affirmative Defense:
### (Adequate Remedies at Law)

Any prayer for equitable relief is barred because Plaintiff has adequate remedies at law.

### Eighth Affirmative Defense:
### (Compliance with State Insurance Laws and Regulations)

The terms and conditions imposed with respect to the insurance that is the subject of the Amended Complaint complied with all applicable statutes, regulations, and/or filed rates and policy forms.  To the extent that the Amended Complaint challenges the terms contained in policy forms accepted for those terms and conditions, it is barred as a matter of law since, among other things, it seeks to obtain a contract term other than that included in the filed and accepted forms and/or rates.

### Ninth Affirmative Defense:
### (Primary Jurisdiction)

The Amended Complaint, insofar as it relates to alleged conduct that is subject to the regulatory jurisdiction of one or more regulatory or administrative agencies or bodies, is subject to the exclusive or primary jurisdiction of those regulatory or administrative agencies.

Alternatively, the claim is barred by the absence of any private right of action with regard to conduct submitted to the discretion of a regulatory or administrative agency or body.

**Tenth Affirmative Defense:**
**(No Breach of Duty)**

Defendants deny that they or any of its agents, principals or representatives breached any duty or obligations allegedly owed to Plaintiff.

**Eleventh Affirmative Defense:**
**(Contractual Provisions and Conditions;**
**Integration and Merger; Parol Evidence Rule)**

The Amended Complaint is barred by the integrated terms and conditions of the policies at issue in this action.

**Twelfth Affirmative Defense:**
**(Unclean Hands)**

The Amended Complaint is barred by Plaintiff's unclean hands.

**Thirteenth Affirmative Defense:**
**(Duty to Read)**

The Amended Complaint is barred, in whole or in part, because the alleged matters about which Plaintiff complains were adequately disclosed to Plaintiff, and Plaintiff failed to read the documents that disclosed such matters.

**Fourteenth Affirmative Defense:**
**(No Measurable Harm)**

The purported claims for damages made by Plaintiff are barred because, among other things, the damages sought are unrelated to any measurable harm.

**Fifteenth Affirmative Defense:**
**(Payment, Accord and Satisfaction)**

The Amended Complaint is barred, in whole or in part, by payment or the doctrine of accord and satisfaction.

### Sixteenth Affirmative Defense:
### (Release)

The Amended Complaint is precluded to the extent that Plaintiff previously released some or all of its claims.

### Seventeenth Affirmative Defense:
### (No Proximate Causation)

Plaintiff is barred from any recovery for damages, restitution, or other monetary relief in connection with the Amended Complaint because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to Plaintiff on the other hand.

### Eighteenth Affirmative Defense:
### (Proportionate Reduction of Relief)

To the extent that other persons or entities, rather than Phoenix, are at fault with respect to the matters complained of herein, and/or the alleged harm or damages suffered, any recovery by Plaintiff should be reduced by the proportion of such harm or damages, if any, caused by said other persons or entities.

### Nineteenth Affirmative Defense:
### (Res Judicata and Collateral Estoppel)

The Amended Complaint is precluded by res judicata and/or collateral estoppel principles, to the extent there are prior actions, including but not limited to *U.S. Bank N.A. v. PHL Variable Ins. Co.*, Case No. 12 Civ. 6811 (CM)(JCF) (S.D.N.Y.), *U.S. Bank N.A. v. PHL Variable Ins. Co.*, 13 Civ. 1580 (CM)(JCF) (S.D.N.Y.), or *U.S. Bank N.A. v. PHL Variable Ins. Co.*, Case No. 14 Civ. 555 (WWE) (D. Conn.), which raise the same claims and issues as are raised in this action, in which such claims or issues are resolved in whole or in part after full and fair litigation.

### Twentieth Affirmative Defense:
### (Claim-Splitting)

The Amended Complaint is precluded by the prohibition against claim-splitting.

**Twenty-First Affirmative Defense:**
**(No Injury or Loss)**

The Amended Complaint is barred because Plaintiff has not suffered injury in fact or lost

money or property as a result of any alleged conduct by Defendants.

**Twenty-Second Affirmative Defense:**
**(No Prejudgment Interest / Attorneys' Fees)**

Plaintiff is not entitled to any award of prejudgment interest or attorneys' fees.

**Twenty-Third Affirmative Defense:**
**(Voluntary Payment Doctrine)**

The Amended Complaint is barred by the doctrine of voluntary payment.

**Twenty-Fourth Affirmative Defense:**
**(Failure to Adhere to Contractual Conditions**
**and Failure of Consideration)**

The Amended Complaint is barred, in whole or in part, with respect to any policies as to

which Plaintiff failed to adhere to and perform contractual conditions and/or failed to provide the

full consideration as required by such policies.

**Twenty-Fifth Affirmative Defense:**
**(Standing)**

Plaintiff lacks standing to sue on the policies.

**Twenty-Sixth Affirmative Defense:**
**(Statute of Limitations)**

The Amended Complaint is barred, in whole or in part, by the statute of limitations.

**Twenty-Seventh Affirmative Defense:**
**(Unjust Enrichment)**

The Amended Complaint is barred, in whole or in part, by the doctrine of unjust

enrichment.

**Twenty-Eighth Affirmative Defense:**
**(Good Faith)**

Defendants acted at all times in good faith.

**Twenty-Ninth Affirmative Defense:**
**(Election of Remedies)**

The Amended Complaint is barred, in whole or in part, by the doctrine of election of remedies.

**Thirtieth Affirmative Defense:**
**(Lack of Reliance)**

The Amended Complaint is barred, in whole or in part, due to lack of reliance.

**Thirty-First Affirmative Defense:**
**(No Duty to Disclose)**

The Amended Complaint is barred, in whole or in part, due to a lack of any duty to disclose.

**Thirty-Second Affirmative Defense:**
**(Contributory Fault)**

The Amended Complaint is barred, in whole or in part, because Plaintiff's acts and/or omissions caused and/or contributed to Plaintiff's alleged damages.

**Thirty-Third Affirmative Defense:**
**(Economic Loss)**

The Amended Complaint is barred, in whole or in part, by the economic loss doctrine.

**Thirty-Fourth Affirmative Defense:**
**(Conduct of Agents, Representatives, or Consultants)**

The Amended Complaint is barred, in whole or in part, by the conduct of Plaintiff's agents, representatives, and consultants.

**Thirty-Fifth Affirmative Defense:**
**(Conduct Required by Law)**

The Amended Complaint is barred, in whole or in part, because the actions complained of were required by law.

**Thirty-Sixth Affirmative Defense:**
**(Connecticut Unfair Trade Practices Act: Extraterritoriality)**

Plaintiff's claims for violations of the Connecticut Unfair Trade Practices Act are barred, in whole or in part, as relating to conduct beyond the reach of the statute.

**Thirty-Seventh Affirmative Defense:**
**(Assumption of the Risk)**

The Amended Complaint is barred, in whole or in part, because Plaintiff assumed the risk of its activities.

**Thirty-Eighth Affirmative Defense:**
**(Other Defenses)**

Defendants reserve the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by the Amended Complaint against Defendants;

2.      That the Amended Complaint be dismissed with prejudice;

3.      That Defendants recover its reasonable expenses and costs herein; and

4.      For such other and further relief as the Court deems just and proper.

Dated: December 15, 2014

Hartford, CT

PHL VARIABLE INSURANCE COMPANY AND
PHOENIX LIFE INSURANCE COMPANY

/s/ Jacob R. Hathorn
Stephen J. Jorden (ct28307)
Jacob R. Hathorn (ct26949)
CARLTON FIELDS JORDEN BURT, P.A.
One State Street, Suite 1500
Hartford, CT  06103-3113
Tel: (860) 392-5000
Fax: (860) 392-5058
Email: sjorden@cfjblaw.com
         jhathorn@cfjblaw.com

Thomas F. A. Hetherington
(*pro hac vice* motion to be filed)\*
David T. McDowell
(*pro hac vice* motion to be filed)\*
Jarrett E. Ganer
(*pro hac vice* motion to be filed)\*
Erin E. Bennett
(*pro hac vice* motion to be filed)\*
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
Tel: (713) 337-5580
Fax: (713) 337-8850
Email: tom.hetherington@emhllp.com
        david.mcdowell@emhllp.com
        jarrett.ganer@emhllp.com
        erin.bennett@emhllp.com

\**pro hac vice* motions to be filed

*Attorneys for Defendants PHL Variable Insurance Company and Phoenix Life Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 15, 2014, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Dated: December 15, 2014                          /s/ Jacob R. Hathorn_____
                                                              Jacob R. Hathorn